UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JOYCE YEE,**

                                          **Appellant,**

v.                                                                                             1:16-CV-0814 (BKS)

**ALICE M. YIP,**

                                          **Appellee.**
_____

**JIAN (JAMES) LIU & T&G APPAREL (USA), INC.,**

                                          **Appellants,**

v.                                                                                             1:16-CV-0813 (BKS)

**ALICE M. YIP,**

                                          **Appellee.**

_____

**APPEARANCES:**

For Appellants:
**Wei Ji, Esq.**
Alliance Law P.L.L.C.
139 Centre Street, Suite 710
New York, NY 10013

For Appellee:
**Paul A. Levine, Esq.**
**Meghan M. Breen, Esq.**
Lemery Greisler, LLC
50 Beaver Street
Albany, NY 12207

1

**Hon. Brenda K. Sannes, United States District Court Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

As these bankruptcy appeals arise out of related adversary proceedings that were considered together by the bankruptcy court; the Court addresses them both in this Opinion.[1] Appellant Joyce Yee, creditor of Appellee Alice Yip, filed an appeal on the grounds that the Bankruptcy Court for the Northern District of New York erred by refusing to consider her late opposition filings regarding Appellee's motion to dismiss and by dismissing Yee's adversary complaint.[2] (Dkt. No. 12). Appellants Jian Liu ("Liu") and T&G Apparel (USA) Inc. ("T&G Apparel"), who also appeared in the underlying action, appeal on substantially the same grounds. (16-CV-813, Dkt. No. 12). For the reasons that follow, the bankruptcy court's decisions are affirmed.

## II. BACKGROUND

On November 26, 2014, Appellee filed for Chapter 7 bankruptcy. (Dkt. No. 14, pp. 5–6). Appellant Yee is an unsecured creditor of Appellee, with a claim for $328,048.19. (*Id.* at p. 24). Appellants Liu and T&G are named as creditors in the underlying bankruptcy petition in the amount of $1.4 million; however, those Appellants later clarified that they were not, in fact, creditors. (16-CV-813, Dkt. No. 12, p. 7; Dkt. No. 15, pp. 11–13).[3] On December 1, 2014, the bankruptcy clerk's office served its Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines Notice ("Notice"), which provided a deadline of March 6, 2015 for objections to

---

[1] Unless otherwise specified, citations to the docket refer to entries at 16-CV-814.
[2] As set forth below, Appellants waived issues concerning default judgments, having failed to identify these issues in the statement of issues required by Bankruptcy Rule 8009 and, in any event, default judgment law is inapplicable because there were no default judgments.
[3] The second citation is to the Dkt. No. 15 entry at 16-CV-814. Other citations in this format have the same meaning—that is, only the labelled citation is to 16-CV-813.

discharge or challenges to dischargeability of certain debts. (Dkt. No. 13, p. 50). On March 5, 2015, Appellants filed separate bankruptcy motions under 11 U.S.C. § 362 seeking to lift the automatic stay. In Yee's § 362 motion, she also argued that under 11 U.S.C. § 523(a), the bankruptcy court should "drop or carve out the $328,048.19 debt allegedly owed by Debtor to Joyce Yee from this bankruptcy proceeding." (Dkt. No. 20, pp. 2, 10–12, 18). In the Liu and T&G Apparel § 362 motion, those Appellants also argued that the bankruptcy court should "drop or carve out the 1.4 million debt allegedly owed to [Liu and T&G Apparel] from this bankruptcy proceeding" but then asserted multiple times that the debt was not owed to the Appellants, but rather to third parties. (Dkt. No. 15, pp. 2, 11–13). Appellants later withdrew the motions before the bankruptcy court entered an order on either of them. (Dkt. No. 22-1, p. 6).

At an April 15, 2015 hearing, the bankruptcy court stated on the record that the § 362 actions were premature and that the discharge and dischargeability actions must be brought with a summons and complaint in an adversary proceeding. (Dkt. No. 17, pp. 3–8). The Court explained that the deadline for filing adversary complaints expired on March 6th. (*Id.* at pp. 4, 9). The Court adjourned the matter until May 27, 2015 to give the Appellants time to file adversary complaints, noting that the parties could dispute at that time whether the complaints are untimely or whether they relate back to the deficient motion filing. (*Id.* at pp. 9–10, 12–13).

On May 27, 2015, 82 days after the initial filing deadline, Appellants filed the complaints and thereby initiated adversary proceedings to determine dischargeability and object to the discharge of debt. (16-CV-813 Dkt. No. 17, p. 52; Dkt. No. 18, p. 1). At a May 29, 2015 hearing, Appellants' 362 motions were withdrawn without prejudice. (Dkt. No. 22-1, pp. 5-6). Thereafter, on June 26, 2015, Appellee filed answers to the May 27 complaints. (16-CV-813 Dkt. No. 19, p. 67; Dkt. No. 19, p. 2). As an affirmative defense in each answer, Appellee

argued that "[p]ursuant to the Federal Rules of Bankruptcy Procedure, the Complaint must be dismissed for failure to timely file this Adversary Proceeding within the period allowed in the Bankruptcy Rules since there is no Motion for extending time to file or for other relief; all motions having been withdrawn by Plaintiff."  (16-CV-813 Dkt. No. 19, p. 71; Dkt. No. 19, pp. 4–5).

On April 22 and 25, 2016, Appellee filed motions in the adversary proceedings for judgment on the pleadings, seeking dismissal of the complaints.  (16-CV-813 Dkt. No. 14, p. 28; Dkt. No. 13, p. 31).  Appellee argued, *inter alia*, that the complaints were untimely and that Appellants never sought or received an extension of the filing deadline.  *See* (*Id.*).  In the Liu and T&G motion, Appellee also argued that as non-creditors, those Appellants lack standing.  (16-CV-813 Dkt. No. 14, pp. 40–44).  Appellee also filed notices of hearing, stating that the hearing would take place on June 15, 2016 and that opposition filings were due by June 8, 2016.  (16-CV-813 Dkt. No. 14, p. 20; Dkt. No. 13, p. 23).  On June 12, 2016, Appellants filed memoranda in opposition to the 12(c) motion.  (16-CV-813 Dkt. No. 15, pp. 9–18; Dkt. No. 13 at pp. 114–22).  These filings were four days late and occurred on a Sunday night.  Appellants did not request an extension of time to file a late opposition.  *See* Fed. R. Civ. P. 6(b); Fed. R. Bankr. P. 9006(b)(1).

On June 15, 2016, the bankruptcy court held a hearing on the 12(c) motions.  (Dkt. No. 6-1).  The court addressed the untimely filings, noting that Appellants' counsel did not address the untimeliness in her submissions, or notify the court.  (*Id.* at p. 4).  The court noted the "tortured history," of the case, "going back over a year, where [appellants] filed a 362 motion on the last day to file an adversary complaint." (*Id.*).  The court found that Appellee was prejudiced by the late filing of papers.  (*Id.* at p. 6).  While the court stated that it "always would desire to decide

4

things on the merits," the court concluded that "this case is too egregious," and declined to accept Appellants' late papers. (*Id.* at p. 7). The court told counsel for Appellants that it would give the parties an oral decision the next day, and told Appellants' counsel that she could move for reconsideration if she thought there were grounds to reconsidering the ruling. (*Id.* at p. 8).

Ruling from the bench in a telephone hearing the next day, the bankruptcy court stated in relevant part:

> Local Bankruptcy Rule 9013-1(g) requires that papers submitted in opposition to a motion be served and filed so as to be received not later than seven days prior to the return date of the motion. Both of the defendant's motions were made returnable on June 15th, 2016. Thus, under the local rule, plaintiffs' responding papers should have been served and filed no later than June 8th, 2016.
> While the local rule is clear, the deadline for filing opposition papers was also set out on defendant's notice of motion. Despite no requests for an extension of time to respond being filed, . . . Plaintiff Yee filed opposition to the motion on June 13, 2016 at 11:22 p.m.
> The Court's local rules are readily available on its website. [Counsel] is a practicing attorney and presumably has knowledge of the Court's local rules, or at least the ability to consult them. She could have filed a request for permission to file and have the Court consider her late opposition, but, for whatever reason, did not, nor did [she] offer any justification in her responsive pleadings for the untimely filings.
> Local Bankruptcy Rule 9013-19(a) requires twenty-one days' notice for motions for judgment on the pleadings. Here, the motions were filed and served on April 25, 2016. Defendant provided fifty-one days' notice, an additional month.
> . . .
> On the return date of the motions, [counsel] indicated she was not as familiar with bankruptcy practice as she was with state court practice, and she had many deadlines coinciding with this one. Additionally, she stated that she had ordered a transcript of a prior hearing to use in responding to the motions, and that they were not received until after . . . her opposition was due.
> The Court's docket reveals the audio files of hearings were requested on May 19th, 2016, and transcripts on May 23, 2016. [Counsel] did not indicate why she delayed over three-and-a-half weeks after the motions were served to order the transcripts, nor why she never relayed to the Court or her adversary the problem she was having in obtaining them.
> [Counsel] also referenced that her father passed away last spring, requiring her travel to China . . . . While the Court is sympathetic to [her] plight, this is not the first time she has failed to meet deadlines.
> . . .

5

"The Judge, not counsel, must run the court and set the agenda. This entails establishing reasonable time parameters and ensu[r]ing compliance with them. Reversing the roles of court and counsel would" . . . "invite chaos." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, [] 584 (1st Cir. 1994).

"Rules are rules and the parties must play by them. . . . If [the judge] sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance." *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, [] 7 (1st Cir. 1990). Based on the foregoing, the Court declines to consider plaintiffs' late submissions in opposition to the motions. . . .

As the motions are being treated as unopposed, the Court adopts the defendant's facts as set forth in her brief. As with unopposed motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56, "When a motion for judgment on the pleadings under Rule 12(c) is . . . unopposed, the Court must review the record to determine whether the moving party has established entitlement to judgment as a matter of law." *James v. Commissioner of Social Security*, No. 13-CV-2492, 2014 WL 4793451 at page 2, (E.D.N.Y. Sept. 2014), citing *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, [] 246 (2d Cir. 2004).

In her answers, the defendant raised the untimeliness of the complaints as an affirmative defense. In her pending motions, the defendant sets forth sufficient facts to establish that the counts in the complaints objecting to discharge and dischargeability were untimely under Federal Rule of Bankruptcy Procedure 4004 and 4007, as they were filed after the March 6th, 2015 bar date.

Plaintiff[] contends in [her] complaint[], however, that these counts should be deemed timely as the motions to lift stay filed in [the] underlying bankruptcy case . . . operated as motions to request extension of time to commence the adversary proceedings. . . . In the Yee 362 motion, there are [] some references to subsections of 523, but not 727. However, the wherefore clause of the motion sought relief from stay to pursue fraudulent conveyance and collection actions, increase the priority of her claim to secured status in a state court judicial dissolution, include additional property in the estate, and adjust priorities of alleged insiders.

The bar dates under Rules 4004 and 4007 may be extended for cause on notice and motion filed prior to the time expiring. Here, the Court never made a finding of cause or issued an order extending the bar date, and the plaintiff[] ultimately withdrew the motion for relief from the automatic stay in any event.

While the result is harsh, it is in conformance with the Federal Rule of Bankruptcy Procedure 9006(b), the procedural rule for extending time, while specifically excluding the deadlines in Rule 4004(a) and 4007(c) from its general application. Thus, the Court could not consider an untimely motion to extend time to object to discharge or dischargeablity based upon excusable neglect, like it can for other deadlines under the rules. *See* Federal Rule of Bankruptcy Procedure 9006(b).

. . .

> Based upon all of the foregoing, it is ordered that the defendant's motions for judgment on the pleadings are granted.

(Dkt. No. 22-1, pp. 15–23).[4]

Thereafter, the bankruptcy court dismissed the complaints in their entirety. (16-CV-813 Dkt. No. 22-1, p. 23). Appellants never sought reconsideration of the court's rulings. Appellants then filed the pending appeals.

In the Rule 8009 statement, Appellant Yee raised two issues on appeal: (1) "Whether the Bankruptcy Court erred in refusing to consider the Appellant's opposition to Appellee's motion to dismiss complaint, considering the unexpected delays in receiving the transcripts ordered on 5/23/2016 which was expected to deliver on 5/30/2016 but did not deliver until after the opposition due date?" and (2) "Had the Bankruptcy Court considered Appellant's opposition to Appellee's motion, whether the Bankruptcy Court erred in granting the Appellee's motion to dismiss the complaint?" (Dkt. No. 4, p. 5). In their Rule 8009 statement, Appellants Liu and T&G raised the same two issues on appeal. (16-CV-813, Dkt. No. 4, p. 5). Thus, the Court construes the relevant questions on appeal as follows: (1) whether the bankruptcy court erred by refusing to accept Appellants' late oppositions and considering the 12(c) motion unopposed; and (2) whether the bankruptcy court erred in granting the 12(c) motion.[5]

---

[4] At no point did the bankruptcy court enter a default judgment against Appellants, who in turn never filed a request to revoke a default judgment. In fact, on June 15, 2016, the court stated that because the 12(c) motions were unopposed, it would have "to make certain findings in conjunction with that" and that "[i]t can't be done under [de]fault." (Dkt. No. 6-1, pp. 7–8).

[5] The Court will not consider Appellants' "new" issues on appeal, which they did not include in the Rule 8009 statements but instead raised for the first time in their memoranda on appeal. *See, e.g.*, (Dkt. No. 12, p. 12). "If an issue is not listed in the statement of issues to be presented on appeal . . . , then that issue is waived." *In re Agway, Inc.*, No. 6:09-CV-1049, 2011 WL 3425507, at *3, 2011 U.S. Dist. LEXIS 86744, at *7 (N.D.N.Y. Aug. 5, 2011) (citing *In re GGM, P.C.*, 165 F.3d 1026, 1032 (5th Cir. 1999)). Moreover, the new issues raised pertain to default judgments, which are plainly not relevant to the case-at-bar. Though Appellee requested additional briefing in her memorandum in the event that the Court considers the "old" issues, that request is denied.

7

**III.   STANDARD OF REVIEW**

Orders issued by a bankruptcy court are subject to appellate review by federal district courts.  Fed. R. Bankr. P. 8013.  The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.  *In re Stoltz*, 315 F.3d 80, 87 (2d Cir. 2002) (citing *McCord v. Agard*, 252 F.3d 113, 116 (2d Cir. 2001)).  Mixed questions of law and fact are reviewed *de novo*.  *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003).  "[A] district court 'may affirm [the bankruptcy court's decision] on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decision[] below.'"  *Rozier v. Rescap Borrower Claims Trust*, No. 15 Civ. 3248 (KPF), 2016 WL 796860, at *7, 2016 U.S. Dist. LEXIS 21204, at *19 (S.D.N.Y. Feb. 22, 2016) (quoting *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010) (second and third alterations original in *Rozier*)).

**IV.   DISCUSSION**

   **A.  Whether the bankruptcy court abused its discretion by refusing to accept the Appellants' late oppositions and considering the 12(c) motions unopposed**

"Bankruptcy court decisions to deny a request to file late are reviewed for abuse of discretion."  *In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005).  The Court may find an abuse of discretion where "(1) the decision was based on an erroneous conclusion of law; (2) the record contains no evidence on which the judge could have based his decision; or (3) the supposed facts found are erroneous as found."  *In re Delphi Corp.*, No. 06 Civ. 863 (LTS) (RLE), 2006 WL 1470929, at *3, 2006 U.S. Dist. LEXIS 34423, at *9 (S.D.N.Y. May 30, 2006); *see also In re Integrated Resources, Inc.*, 157 B.R. 66, 72 (S.D.N.Y. 1993) ("Matters concerning decisions within the discretion of bankruptcy judges will not be disturbed by the district court unless the district court finds that no reasonable man could agree with the bankruptcy judge's decision.").

Here, the Appellants argue that the bankruptcy court abused its discretion by declining to accept late opposition papers and rendering a "default judgment in favor of Appellee." (Dkt. No. 12, pp. 24, 28). Appellants' counsel argues that the bankruptcy court should have allowed her more time in light of (1) her confusion of "the federal court motion return rule with that of the state court;" (2) "her tight schedule and struggle . . . caused by her father's cancer and passing away in the time period on 5/9/2016 conference [sic];" (3) the fact that she "did not get the transcripts [] until 6/9/2016 due to glitches in the transcript company['s] . . . online payment system;" and (4) that she "filed the opposition on 6/13/2016 and on 6/15/2016 personally travelled five hours for the motion return from New York City to the Bankruptcy Court in Albany." (*Id.* at pp. 30–31). As noted above, the transcript of the bankruptcy court's proceedings shows that the bankruptcy judge considered these factors, noting that: (1) the local rules are readily available and the opposition due date was in the record; (2) Appellants' attorney's father died "last spring"[6] and Appellants missed multiple deadlines; and (3) Appellants' attorney delayed ordering the transcripts for several weeks. The bankruptcy court also noted that Appellee gave Appellants more time to respond than required, and that the Appellants never sought permission to submit a late filing. The attorney's travel time to Albany is wholly irrelevant. For these reasons, the refusal to consider Appellants' late filings was not an abuse of discretion.

Additionally, the bankruptcy court did not issue a default judgment, but rather—as the bankruptcy judge explicitly stated—considered the 12(c) motion as unopposed.[7] Appellants

---

[6] At the May 27, 2015 hearing Appellants' counsel told the court that her father had recently passed away. (Dkt. No. 22-1, p. 6).

[7] As the Southern District has noted,
> Even though a motion for judgment on the pleadings is unopposed, the Court does not embrace default judgment principles in resolving the motion. *See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) (discussing the standard as applied to summary judgment motions). . . . Although an unopposed motion "allow[s] the district court to accept the

9

initiated the adversary proceeding and were involved in litigation prior to that motion. Moreover, Appellee never moved for a default judgment. Thus, Appellants' suggestion that the decision amounted to a default judgment is entirely baseless.

### B.  Whether the bankruptcy court erred in granting the 12(c) motions

"The bankruptcy court's grant of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed de novo." *In re McClelland*, 456 B.R. 178, 181 (S.D.N.Y. 2011) (citing *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)).

Under Fed. R. Bankr. P. 4004(a), "[i]n a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the [Bankruptcy] Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Similarly, Fed. R. Bankr. P. 4007 governs objections to the dischargeability of a debt under § 523(c) of the Bankruptcy Code.  Rule 4007(c) mandates that such a complaint "shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)."

As the bankruptcy court in this matter noted, "'When a motion for judgment on the pleadings under Rule 12(c) is . . . unopposed, the Court must review the record to determine whether the moving party has established entitlement to judgment as a matter of law.'"  (Dkt. No. 22-1, p. 19) (quoting *James v. Comm'r of Soc. Sec.*, No. 13-CV-2492, 2014 WL 4793451, at *2, 2014 U.S. Dist. LEXIS 135594, at *4 (E.D.N.Y. Sept. 24, 2014)).  Courts "apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).  Here the record demonstrates that

---

> movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law."  *Vt. Teddy Bear Co.*, 373 F.3d at 246 (citations and quotation marks omitted).

*Negron v. Comm'r of Soc. Sec.*, No. 11 Civ. 8685 (KBF), 2013 WL 2896845, at *4, 2013 U.S. Dist. LEXIS 83890, at *10–11 (S.D.N.Y. Jun. 12, 2013).

Appellants filed the adversary complaints on May 26, 2015—long after the March 6, 2015 deadline. (Dkt. No. 18, p. 30). Appellants never moved for an extension of time under Fed. R. Bankr. P. 4004(b) or 4007(c), and the bankruptcy court never granted such an extension.

Nevertheless, according to Appellants, equity demands that the filing of the complaints should relate back to the motion for relief from the automatic stay, which Appellants filed on March 5, 2015 and included argument regarding discharge of debt. Bankruptcy courts can extend the 4004(a) and 4007(c) time periods on grounds of equity. *European Am. Bank v. Benedict*, 90 F.3d 50, 54 (2d Cir. 1996); *Franzone v. Elias*, No. 13-CV-1269 (CBA), 2014 WL 1248042, at *4, 2014 U.S. Dist. LEXIS 39591, at *12 (E.D.N.Y. Mar. 24, 2014). While equitable tolling has been applied to situations in which a party has filed a timely defective pleading, it is applied "only in 'rare and exceptional circumstances.'" *Griffin v. Wekar*, No. 7:14-CV-1021 (TJM/TWD), 2014 U.S. Dist. LEXIS 172906, at *8 n.4 (N.D.N.Y. Oct. 31, 2014) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005))[8]. "The party seeking equitable tolling has the burden of establishing that extraordinary circumstances prevented her from filing a timely complaint, and that she acted with reasonable diligence throughout the period she seeks to toll." *Id.* (citing *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)). In this case, it is undisputed that Appellants' counsel received the notice of the March 6, 2015 deadline for objections to discharge and that Appellants filed their complaints 82 days late. While Appellants had previously filed motions for a stay of the underlying proceedings that included language regarding discharge, the pleadings before the bankruptcy court did not contain any allegations that addressed the basis for that defective filing, the untimely complaints, or the Appellants' diligence—beyond the assertions that the motion for a stay "operates as a motion to request extension of time to file adverse proceeding" and that the Court stayed the motion. (16-cv-813

---

[8] Westlaw cite unavailable.

11

Dkt. No. 17, p. 53; Dkt. No. 13, p. 80). As the bankruptcy court found in lamenting "the tortured history" of this case, in the Appellants' 362 motions "[t]here was no mention of extending time; there was no mention of anything," and "[t]he matter was further adjourned." (Dkt. No. 6-1, p. 4). Appellants have failed to establish any error in the court's ruling, granting the Appellee's motions for judgment on the pleadings based on the untimeliness of their complaints.

In addition, the arguments of Appellants Liu and T&G must fail because they are admittedly not creditors. (16-CV-813, Dkt. No. 12, p. 7; Dkt. No. 15, pp. 11–13). As the bankruptcy court noted, this fact is sufficient to show that Appellants Liu and T & G lack standing to challenge discharge and dischargeability under Fed. R. Bankr. P. 4004 and 4007. (Dkt. No. 22-1, p. 21); 11 U.S.C. § 727(c)(1); Fed. R. Bankr. P. 4007(a). The bankruptcy court was likewise correct in finding that these Appellants lack standing to pursue counts regarding fraudulent transfers. *See Liddle & Robinson, LLP v. Daley*, 224 B.R. 307, 310–11 (S.D.N.Y. 1998) ("[O]nly the trustee has standing to bring a fraudulent conveyance action to avoid the debtor's transfer, unless a creditor or creditor's committee has been given approval by the bankruptcy court to sue in the trustee's stead.").

For these reasons, Appellants have failed to establish any error.

## V.     CONCLUSION

For these reasons, it is

**ORDERED** that the bankruptcy court's order in 16-CV-814 regarding Appellant Yee is **AFFIRMED**; and it is further

**ORDERED** that the bankruptcy court's order in 16-CV-813 regarding Appellants Liu and T&G is **AFFIRMED.**

**IT IS SO ORDERED.**

August 16, 2017
Syracuse, New York

*/s/ Brenda K. Sannes*

Brenda K. Sannes
U.S. District Judge